

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 14, 2020**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case Number: 16-42312-MXM |
| | § | |
| MARLA DENA LEE | § | Chapter 13 |
| | § | |
| DEBTOR | § | JUDGE MARK X MULLIN |
| | § | |

**ORDER DETERMINING AMOUNT DEEMED NECESSARY TO CURE
PURSUANT TO MID-CASE NOTICE BY CHAPTER 13 TRUSTEE
(42-46)**

Pursuant to Local Bankruptcy Rule 3002-2(b), the Chapter 13 Trustee filed and served his "Notice of Amount Deemed Necessary to Cure" ("Notice") on US BANK (herein "Mortgage Creditor"). Such Notice contained negative notice language as authorized by Local Bankruptcy Rule 9007-1, informing the Mortgage Creditor of their obligation to file and serve a Response within 60 days, or else the information contained in the Notice would be deemed unopposed and/or undisputed.

The Mortgage Creditor filed a timely Response.

**IT IS THEREFORE ORDERED** that as of 1/13/2020, the principal amount necessary to cure any any of the following claims if being paid by the Trustee on any pre-petition home mortgage arrearage claims filed with the court; and/or post-petition arrearage claims filed with the court or contained in any Agreed Orders; and/or any post-petition fees and expenses filed with the court; and/or any ongoing mortgage claims are as follows:

Order Determining Amount Deemed Necessary to Cure Pursuant to Mid Case Notice by Chapter 13 Trustee (18-22)

**Property Description: 1941 Forest Park Blvd Fort Worth TX 76110**

Claim Type:    HOME MORTGAGE ARREARS - PRE PETITION

| Court Claim # | Trustee Claim # | Account Number | Claim Amount Due at Time of Notice (01/13/2020) | Total Amount Paid by Trustee |
|---|---|---|---|---|
| 4 | 1 | 7713 | $1,000.00 | $1,000.00 |

**NO PROVISION IN PLAN**

**IT IS FURTHER ORDERED** that except as provided above, as of 3/12/2020, the amount necessary to cure any post-petition arrearages and/or any ongoing mortgage claim being paid by the Trustee are as follows:

Claim Type:    HOME MORTGAGE ARREARS - POST PETITION

| Court Claim # | Trustee Claim # | Account Number | Claim Amount Due at Time of Response (01/01/1900) | Total Amount Paid by Trustee |
|---|---|---|---|---|
| 4 | 20 | 7713 | $44,565.93 | $0.00 |

**NO PROVISION IN PLAN**

Claim Type:    HOME MORTGAGE ARREARS - POST PETITION

| Court Claim # | Trustee Claim # | Account Number | Claim Amount Due at Time of Response (03/12/2020) | Total Amount Paid by Trustee |
|---|---|---|---|---|
| 4 | 22 | 7713 | $17,712.64 | $0.00 |

**NO PROVISION IN PLAN**

**IT IS FURTHER ORDERED** that except as otherwise provided hereinabove, the HOME MORTGAGE REGULAR MONTHLY PAYMENT on the mortgage held by US BANK, which is not being paid by the Chapter 13 Trustee is CURRENT as of January 2020.

**IT IS FURTHER ORDERED** that the above named creditor shall be precluded from asserting any other pre-petition (cure) amounts or post-petition arrearages on Court Claim # 4 that allegedly accrued before the date of the Notice (1/13/2020), in any Contested Matter or Adversary Proceeding in this case, or in any other manner, matter, or forum after a discharge in this case, without further order of the Court, or unless the Court determines, after notice and a hearing, that the failure to timely file a Response was substantially justified or is harmless.

### END OF ORDER ###